We're going to move now to case 22-2008 United States v. Arroyo and we're going to begin Mr. Leonard with argument from you. Good morning may it please the court Mike Leonard on behalf of Mr. Arroyo we seek a remand to the district court for resentencing of Mr. Arroyo in light of several substantial errors and I want to focus on the primarily thrust of our appeal which is the court's reliance on facts that the court claims are facts that were outside the record that were not disclosed to the party and that have no reliable basis and are essentially unsupported assumptions which this court has repeatedly indicated is an inappropriate basis to sentence a criminal defendant. In this who had by all accounts including to the district court led an extraordinary life prior to the offense conduct he had no criminal history he had no relevant conduct history the government did not allege the court did not find that he engaged in any other criminal conduct his entire lifetime but the linchpin of the district court's decision was its view that politicians engage in what the court claimed is supply and demand. The district court claimed as a matter of fact that the lower the sentence equals more public corruption the higher the sentence equals lower public corruption. He determined that politicians as a class in addition to engaging in that analysis are what he claimed to be rational actors and indicated that longer prison sentences will have an impact on politicians if I have anything to do with it. The problem with that approach is that there was absolutely no reliable data or empirical evidence to support those conclusions. Certainly not in Illinois. Well I think you look at the evidence right? Correct I would agree with the court because really if you want to go with anecdotal evidence what was considered an extraordinary sentence given to Governor Ryan of six years nobody has ever claimed that that related that that resulted in general deterrence to politicians. Then a period of time went by where Mr. Blagojevich got a 14-year sentence and no one has claimed that from a general deterrence standpoint that there's any basis to say that that longer sentence which was doubled Mr. Mr. Ryan's resulted empirically or any support of politicians weighing and analyzing that and making decisions from what the district court claimed to supply and demand perspective and finding that since there's higher sentences are going to engage in less corruption. There's just no basis for it and the problem for the defense was twofold. Number one from a procedural standpoint these factual claims by the district court were not disclosed prior to the sentencing and I the district court as you can see from the docket went to the parties on numerous occasions leading up to the sentence asking them questions asking them to submit additional materials clearly if the district court believed as a matter of fact there was any reliable evidence to support his factual theory about supply and demand and the need to give higher sentences that should have been disclosed to the parties. This is this is an interesting argument but this argument you could take this argument to gun cases and drug cases etc etc and the argument is basically the general deterrence has no place in sentencing without empirical evidence that it actually works. Well that's true and I would say that you're you're hitting on a good point where this district court was a matter of fact going to a theory that what this court has frowned upon and said cannot be engaged in which is unreliable evidence or a lack of evidence and what this this court has repeatedly said are unsupported assumptions and what this court has said in the two seminal cases on this issue is that amounts to a what it calls a peculiar penological theory meaning if you don't have reliable evidence if you're making unsupported assumptions you don't have an appropriate basis as a district court judge to make the conclusions that he did. Why can't he simply apply a guideline sentence? I'm sorry. Why can't he not simply apply a guideline sentence as he did? Well he considered the guidelines as he was required to do however what he did in reaching a conclusion that an upper level guideline sentence was appropriate the really the basis for that was these unsupported assumptions unreliable evidence and peculiar penological theory that here's how politicians act as a class. There's absolutely no support for that and as the other judge pointed out. So suppose we remand as you request and the district judge simply says I've considered your arguments the guidelines here make sense to me 57 months. Judge anything is possible on remand but the point is we need a remand because he inappropriately considered factors that weren't number one disclosed to the parties and number two weren't reliable and were his unsupported assumptions so I don't know what will happen to remand I certainly would be hopeful that once that peculiar penological theory is brought to his attention that Mr. Roy would in fact have a substantial chance of getting a far less sentence which I think would be appropriate under the circumstances and I think that the two key cases that both the government and we have relied upon and cited to you are Warner and Brown and it's important because in Warner you had a tax fraud case where the individual had essentially built the government out of I think in excess of 50 million dollars and he got a sentence of probation and it was a government that actually appealed in that case and the language arising out of the Warner case is what the government's relying upon and what this court said at the time was that white collar criminals seem like prime candidates for general deterrence because they in parentheses presumably act rationally calculating the risks and the rewards however in the Warner case the court went on and said well look the judge in Warner didn't rely upon a peculiar penological theory or unreliable evidence or unsupported assumptions what he did was he took a characteristics of Warner and that offense and came up with probationary sentence so it was appropriate in that case but then what happened in Brown this court was presented with a health care fraud case which I would argue is quite different than a political corruption case this court recognized in Brown that Medicare is highly complex and recognized that you have essentially millions of providers across the country who submit claims knowing that they won't be checked knowing it's an honor system and therefore this court thought that in light of that peculiar nature of health care fraud its complexity the widespread fraud involved the fact it was a completely honor system that court felt that it was appropriate to consider general deterrence in terms of higher sentence because you have thousands of people submitting claims knowing that no one's going to check so under those circumstances the court said that is reliable evidence that's not an unsupported assumption and it's not what we have here which is a peculiar penological theory and what the government did in its brief to this court is a cited Warner and eliminated the key language where this court set up it appears like white power people seem to maybe take these into account but completely discounted the idea that this court has always said a district court must rely upon reliable evidence and not make up its own assumptions it would be no different if the district court said you know what I think as a matter of fact Hispanics or some other group they make a rational determination they're rational actors without any basis whatsoever and it would be much more obviously offensive to us because it'd based upon an ethnic characteristic but the conclusion in this case about politicians is no less offensive because there's absolutely no reliability to it like to reserve the remainder of your time yes thank you very good Thank You Mr. Leonard we're now going to move on Ms. O'Neill to you for argument from Napoli thank you your honor may it please the court Christine O'Neill on behalf of the United States the district court committed no error here in imposing defendants term of imprisonment which was within the guidelines range the district court properly considered general deterrence as well as a number of other factors during the lengthy sentencing hearing including the mitigation arguments the defendants age the defendants lack of criminal history and weighed all these factors in imposing a sentence at the high end of the guidelines range general deterrence is of course at 3553 a factor that must be weighed by the district court the court here waited as one of many sentencing factors picking up where mr. Leonard left off that makes it quite a or some other characteristic that they might present at sentencing certainly none of those things are listed in the statute as things that the court ought to consider the district court did not rely almost exclusively almost exclusively on general deterrence as the defendant argues rather the court considered many other factors here and repeatedly did recognize the mitigation as mr. Leonard acknowledges you know the good things that the defendant had put out into the world the court said that they were moved by the letters from defendants family comments by his family at sentencing the district court did spend a considerable amount of time on the seriousness of the offense and I think that that's important here because a lot of the comments about public corruption are directed at the particular defendant and his particular crime which is entirely appropriate the court talks about not public corruption generally but defendants bribery scheme which operated on two separate tracks first the defendant took bribes the court was impacted highly by the fact that the defendant was in a senior leadership position in the Illinois legislature at the time and that he accepted thousands of dollars over many months miss O'Neill what's your response to mr. Leonard's argument that the court should not consider the effects of general deterrence without evidence in the record the general deterrence actually has the effect which the district court concluded or which the district court speculated that it had because I assume you don't want us to write an opinion it says the court relied on general deterrence but here it's harmless error because that would you don't want that I assume that's correct judge so how do you respond to his argument I think that this court has already responded to this argument in Brown the defendant made almost identical arguments here that the court had relied on unfounded assumptions about white collar crime and general deterrence and this court held that the district court was under no obligation to accept or comment further on mr. Brown's deterrence argument and quote was perfectly entitled to accept the penal philosophy the embodied in the guidelines that societal goals are served by increasing fraud sentences this is not a peculiar penological theory the court is allowed to consider the particular crime and general deterrence and as your honor said during the first part of this argument this is something that the court has taken up recently with regards to gun cases as well it is not just a white collar case and this court has affirmed high-end or above guideline sentences where the district court has relied on the need for lack of a better term to send a message in particular types of cases that is allowed there is no requirement that there be empirical evidence that deterrence works for lack of a better word it's interesting that defendant is so focused on that here when he put this in his sentencing memo where he stated actually it doesn't work it didn't work for me I looked at all of these people going to prison and I decided to do it anyway from the government's perspective that does make the district court's comments about deterrence very specifically tied to this particular defendant and all the more appropriate here in terms of the government's Warner and and whether it was appropriately quoted the government quotes Warner the exact same way that this court quotes Warner in Brown the same words are omitted so possibly we should have just quoted Brown instead of Warner but I think it's useful to go back to Warner itself where the court first espoused this theory about you know it's possible that white collar defendants are more rational actors than other types of defendants I'm wondering what would happen in drug cases if we insisted on empirical evidence of deterrence since 40 50 60 years of heavy drug sentences have not put an end to it would be difficult for me to answer that but I think it would definitely change the way that district court judges look at these things as I was sitting here listening to mr. Leonard's argument I was also thinking you know how do we know that any of this promotes respect for the law like that's something that is said a lot during district court sentencings and certainly it's hard to point to any evidence one way or another that that is the case it's it's hard I guess you know from the empirical evidence standpoint just as an it's it would be hard to have empirical evidence in white-collar cases that lengthy sentences deter criminal conduct because how do you say a governor of one particular state was going to commit a crime but then in her mind decided not to because she was deterred by governor Blagojevich's sentence yeah I mean be hard to do that would be hard to prove to the extent that that has happened and I that's exactly right it would be very difficult to show the impact of deterrence on on any type of person whether it be a person likely to engage in a drug crime or a person more likely to engage in a white-collar crime it's an interesting argument a theoretical argument because we do see these I read these articles it's it would say general deterrence doesn't work and then it would point to public certain public corruption prosecutions and say look at this long line sheriffs from this particular County that go to jail jail jail jail and they're the next sheriff is never deterred but we don't know whether the sheriff in the adjoining County was deterred by you know let's say the Lake County Sheriff's sentence of in prison we just don't know I guess there wasn't a question I think in addition to the district courts consideration of general deterrence being appropriate it is important to focus on the fact that that is not the only factor that the district court considered here the record is lengthy it is fulsome the district court asked for supplements on multiple occasions the district court properly considered the defendant doesn't ultimately agree with the way that the district court weighed those factors the judge found defendants age to actually be more aggravating than it was mitigating he was in his 60s when he committed this crime but disagreeing with the way that the court weighed the factors of course is not a reason to reverse the district courts decision in this case unless there are any other questions judges I will ask respectfully that you affirm the judgment of the district court Thank You miss O'Neill Thank You mr. Leonard we'll go back to you for rebuttal argument thank you and just briefly to be clear we are not claiming that a district court cannot consider general deterrence we are also not asking this court to say that absent empirical evidence you can't consider a general deterrence what we are saying is a district court can't make up facts or empirical data that have absolutely no support as this court have said it has to be reliable you can't make up assumptions and you can't make up penological theories and unfortunately that sounds like you are saying that you need empirical evidence no because he's making up facts that he says are empirical evidence it'd be fine if you consider general deterrence but he can't make up facts which he did he said there was a supply and demand analysis goes into politicians that as a matter of fact according to him I don't know what the empirical evidence is but he claims that the lower sentence equals more public corruption and he claims that if he has something to do with it he will give out longer sentences because political actors will respond to those he's making up a factual theory he's making up so-called empirical evidence he doesn't have to have it but he can't make it up that's our point judge thank you Mr. Leonard thank you Ms. O'Neill the case will be taken under advisement